IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

GARLAND MURRAY,
CELESTE MURRAY, and
DESHAWNE TAYLOR,

      Plaintiff,

v.                                                                            Case No. 2:13-cv-17383

CRAIG SMITH and
JAMIE SMITH,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On July 5, 2013, plaintiff Garland Murray, an inmate at the Mount Olive Correctional Complex in Mount Olive, West Virginia, filed a Complaint (ECF No. 2) on behalf of himself and two other individuals, who are not incarcerated. Only Mr. Murray signed the Complaint. (*Id.* at 7.)[1] Mr. Murray also filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable John T. Copemhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Complaint contends that Craig and Jamie Smith, two private citizens of the State of West Virginia, have failed to return $2,000 that the plaintiff claims was owed to

---

[1] Garland Murray, as a non-attorney, *pro se* litigant, may not sue on behalf of, or represent, any other persons. It is apparent that Garland Murray signed the Complaint on behalf of the other plaintiffs, which is not permitted under Rule 11 of the Federal Rules of Civil Procedure. Because Celeste Murray and Deshawne Taylor did not personally sign the Complaint, they are not presently proper parties in this matter. The Clerk is directed to terminate these two individuals as plaintiffs in this matter.

him or his family members. The Complaint alleges that this $2,000 was money that his mother, Celeste Murray, provided to obtain a $5,000 bond for the plaintiff's release from prison. The Complaint further alleges that the other $3,000 was provided by Jamie and Craig Smith. The Complaint further alleges that, subsequently, when the plaintiff's bond was revoked, Jamie and Craig Smith received all of the money, and have refused or failed to return the $2,000 to the plaintiff or his family. The Complaint alleges that, with the assistance of attorney Herb Hively, his mother went to state court and was awarded a judgment of $2,000, which has not been paid. The Complaint alleges that the state court has taken no further action. (ECF No. 2 at 4-5.)

On July 16, 2013, the plaintiff filed additional documentation in support of his Complaint. The documentation includes an Abstract of Judgment from the Magistrate Court of Kanawha County for a $2,000 judgment granted to "Celeste Jackson" against "Jamie L. Smith and Craig Smith" issued on October 12, 2011. (ECF No. 5 at 4.)

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

Title 42, Section 1983 of the United States Code provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Even if the court were to liberally construe the plaintiff's Complaint to be alleging that the defendants have deprived him of his property in violation of the Fourteenth Amendment, neither Jamie or Craig Smith was acting under color of state law in relation to the matters alleged in the plaintiff's Complaint. Thus, the plaintiff cannot sufficiently allege a claim under section 1983; nor has the plaintiff alleged a claim that would entitle him to relief under any other federal statute. Thus, the plaintiff has not stated a federal question, as required for this court to have jurisdiction under 28 U.S.C. § 1331.

A federal district court also has jurisdiction over controversies in which the parties are citizens of different states and where the amount in controversy exceeds

$75,000. This basis for jurisdiction is known as "diversity of citizenship." The plaintiff cannot meet the requirements for diversity of citizenship jurisdiction, as both he and the defendants are citizens of the State of West Virginia, and the amount in controversy does not meet the $75,000 threshold. 28 U.S.C. § 1332.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the District Court lacks subject matter jurisdiction over the plaintiff's claims. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2.) for lack of subject matter jurisdiction and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1.)

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

August 2, 2013

Dwane L. Tinsley
United States Magistrate Judge